## PEOPLE v. TORNS

1. INDICTMENT AND INFORMATION—HOMICIDE—AMENDMENT—PRELIMINARY EXAMINATION—WAIVER OF DEFECTS.

   Defendants, who pleaded guilty to an amended information charging them with second-degree murder after withdrawing their not guilty pleas to first-degree murder, were not entitled to attack the examining magistrate's finding of first-degree murder in binding them over for trial since their guilty pleas on the amended charge of second-degree murder not only eliminated their not guilty pleas to first-degree murder but also waived all defects in the preliminary proceedings.

2. INDICTMENT AND INFORMATION—HOMICIDE—AMENDMENT—PRELIMINARY EXAMINATION—PLEAS—STANDING TO ATTACK.

   Pleas of guilty to an amended information charging them with second-degree murder brought defendants within the rule that an accused who has been properly arraigned in circuit court and who has pleaded guilty or not guilty, cannot attack the prior proceedings before the examining magistrate nor can he complain even though there had been no examination.

3. HOMICIDE—FIRST-DEGREE MURDER—PRELIMINARY EXAMINATION—EVIDENCE—PREMEDITATION—QUESTION OF FACT.

   The evidence was sufficient to hold defendants on a charge of first-degree murder where there was no question that defendants had fired the shots causing the victim's death, even though there was conflicting evidence as to whether defendants had been fired upon first, on the basis that any question regarding premeditation and malice would be a question of fact for consideration by the trier of fact.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 41 Am Jur 2d, Indictments and Informations § 173 et seq.
Power of court to make or permit amendment of indictment with respect to allegations as to nature of activity, happening or circumstances. 17 ALR3d 1285.
[3] 53 Am Jur 2d, Trial § 218 et seq.
[5] 21 Am Jur 2d, Criminal Law § 492 et seq.

4. INDICTMENT AND INFORMATION—AMENDED INFORMATION—READING
   TO DEFENDANT—CONSEQUENCES OF GUILTY PLEA—COURT RULE.

   Trial court's failure to read to defendants, on trial for first-
   degree murder, an amended information charging them with
   second-degree murder before accepting their pleas of guilty
   of the lesser offense, did not violate a court rule requiring
   the trial judge to inform a defendant of the nature of the
   charge against him and the consequences of a guilty plea
   where the trial testimony was adequate to show defendants
   guilty of second-degree murder, they had throughout the
   proceedings the assistance of retained counsel, who un-
   doubtedly informed them of what their guilty pleas entailed,
   they did not request a reading of the amended information,
   they were aware of the essential elements of second-degree
   murder and chose to plead guilty to that offense, and they
   were advised of their right to continue with their trial for
   first-degree murder (GCR 1963, 785.3[2]).

5. CRIMINAL LAW—PLEA OF GUILTY—COURT RULE.

   The court rule for guilty pleas does not require that the offense
   to which a defendant pleads guilty must be established beyond
   peradventure before the trial court may accept a proffered
   plea of guilty; the rule requires a reasonable ascertainment
   of the truth of that plea (GCR 1963, 785.3[2]).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 April 24, 1970. (Docket No.
6,187.) Decided April 24, 1970.

Samuel Torns and Ernest Brazle were convicted,
on their pleas of guilty, of second-degree murder.
Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* As-
sistant Prosecuting Attorney, for the people.

*James R. Buckley,* for defendants on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and
VAN DOMELEN,[*] JJ.

FITZGERALD, J.  On July 24, 1967, defendants
Samuel Torns and Ernest Brazle were arrested and
charged with murder in the first degree contrary to
MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
The facts which led to their arrest and subsequent
conviction are as follows:

On July 23, 1967, defendants were involved in an
altercation with Edward Lewis and Ernest McCombs
at a house party in the city of Flint.  Defendants
had been with a group of people across the street
and a general melee seems to have developed be-
tween the two groups.  Lewis and McCombs left
the party together to go to the home of McCombs'
sister, Mrs. Lois Willingham, and defendants fol-
lowed.  Along the route, Torns and Brazle obtained
two rifles as well as ammunition.  When they arrived
at their destination, a shot was fired from the
Willingham home.  At this point, defendants fired
into the home, killing Mrs. Lois Willingham.

Following a preliminary examination, defendants
were bound over for trial on the charge of murder
in the first degree.  On September 5, 1967, they were
arraigned on the charge, the information was read
and defendants were informed of their rights re-
garding their pleas.  They stood mute and pleas of
not guilty were entered in their behalf.

On October 18, 1967, defendants moved to quash
the information charging that the magistrate abused
his discretion at the preliminary examination in
binding them over for trial.  On October 31, 1967,
the motion was denied, the trial court ruling that
there was sufficient evidence to support the charge.

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

Defendants, being represented by counsel, waived their rights to a jury trial and on May 14, 1968, trial commenced. On the second day of trial, defendants moved to withdraw their not guilty pleas and to enter pleas of guilty to an amended information charging them with murder in the second degree (MCLA § 750.317 [Stat Ann 1954 Rev § 28.549]). The new pleas were accepted and on June 25, 1968, they were both sentenced to 15 to 35 years in prison.

The Court addresses itself to a consideration of whether defendants, who entered pleas of guilty to an amended information charging second-degree murder, are entitled to attack the magistrate's finding of first-degree murder in binding them over to circuit court for trial. Defendants contend that there was not sufficient evidence of premeditation or malice to justify binding them over for trial on a charge of murder in the first degree. The people argue that the guilty plea on the amended charge of murder in the second degree displaces the original plea and constitutes a waiver of defects in preliminary proceedings. They further contend that there is ample evidence to support binding defendants over for trial.

An examination of the proceedings reveals that both defendants stood mute at their arraignment on the charge of murder in the first degree. It is undisputed that such a plea preserved irregularities in the proceedings up to that point. A motion to quash the information was also made and subsequently denied prior to pleading on the amended information. On the basis of the foregoing, defendants contend that the question of the sufficiency of the information is preserved for attack on appeal. Defendants aver that there was not a "scintilla" of evidence to support the action of the examining magistrate in binding them over for trial. It is

claimed that in the absence of evidence of premeditation, malice, and other statutory elements of murder in the first degree, the court should have ruled favorably on the motion to quash the information.

In view of the facts, we find it difficult to concur with defendants' reasoning as to the preservation of their right to attack prior proceedings before the magistrate. In pleading guilty to the amended information, which seemingly cured the defects to which they object, the logical conclusion would be that defendants eliminated the original plea and waived prior error. In effect, the charge of second-degree murder was what they had sought through prior motions and it is on this basis that we conclude that they were not prejudiced by any error at the preliminary examination. In pleading guilty to the amended information, defendants came under the purview of *People* v. *Tate* (1946), 315 Mich 76, wherein it was stated:

"The law has long been settled in this state that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there had been no examination."

Furthermore, in examining the record, it is noted that while there was conflicting evidence as to whether a shot was fired at defendants first, there is no question that shots were fired by defendants. The municipal court found that there was sufficient evidence to hold defendants on a charge of first-degree murder on the basis that any question regarding premeditation and malice would be a question of fact for consideration by a jury. It is clear that the evidence supports such a determination.

The second question raised on this appeal concerns defendants' guilty plea and whether it was properly entered and accepted by the trial court as required by GCR 1963, 785.3(2). It is argued that the failure to read the amended information to either defendant contravened that portion of the court rule requiring the court to inform the accused of the nature of the accusation. Defendants also contend that they were not properly informed of the consequences of their plea.

An examination of the record discloses that the testimony elicited during the first day of trial was adequate to show defendants guilty of second-degree murder. They were represented by retained counsel at all stages of the proceedings and surely were advised of what their plea entailed. They had previously been advised of being charged with murder, but chose to plead guilty to a lesser degree of this crime. Neither of the defendants requested a reading of the amended information and they were advised of their right to continue with the trial. Under these circumstances, we cannot say that the pleas were defective and that a miscarriage of justice has resulted. In *People* v. *Bartlett* (1969), 17 Mich App 205, 208, 209 this Court, being faced with a similar situation, stated:

"The court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows* Court (p 272), 'reasonable ascertainment of the truth of the plea.' "

\* \* \*

"In this case there is no reason to believe that defendant's plea of guilty was not an understanding plea (Cf. *People* v. *Ferguson* [1968], 13 Mich App 362) even though it does not affirmatively appear

in the record that the defendant was aware of all the essential elements of the crime of robbery."

We therefore hold that while the information was not read, defendants were aware of the essential elements of the charges lodged against them. There was a substantial compliance with the court rule.

Affirmed.

All concurred.