PEOPLE v. HARVEY

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—DEFEND-
   ANT'S UNDERSTANDING.
   Failure of the trial judge to explain all of the elements of the
   crime in accepting a plea of guilty was not error where the
   record reveals that the defendant understood the nature of
   the accusations.

2. CRIMINAL LAW—PLEA OF GUILTY—WAIVER—PROCEDURAL DEFECTS
   —SEARCHES AND SEIZURES.
   Plea of guilty waives all defects in the prior procedure; conse-
   quently, defendant's plea would still be valid whether or not a
   search was illegal.

Appeal from Wayne, Thomas J. Foley, J.  Sub-
mitted Division 1 May 5, 1970, at Grand Rapids.
(Docket No. 8,594.)  Decided June 3, 1970.

Eddie Lee Harvey was convicted, on his plea of
guilty, of the attempted carrying of a concealed
weapon in a motor vehicle.  Defendant appeals.  Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Arthur J. Cole,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
[2] 21 Am Jur 2d, Criminal Law § 495.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. This case is submitted on the people's motion to affirm pursuant to GCR 1963, 817.5 (3). With counsel present, defendant pled guilty to "attempted carrying of a concealed weapon in a motor vehicle" contrary to MCLA § 750.227 (Stat Ann 1962 Rev § 28.424) and the Michigan attempt statute, MCLA § 750.92 (Stat Ann 1962 Rev § 28.287). Defendant was sentenced to serve two years five months to two years six months imprisonment and brings this appeal.

Defendant argues that his guilty plea was improperly taken because the judge below failed to apprise him of all the elements of the crime charged. The trial judge does not have to explain all the elements of the crime charged, *People* v. *Melvin* (1969), 18 Mich App 652, unless there is reason to doubt that the defendant understands the nature of the accusations. *People* v. *Atkins* (1966), 2 Mich App 199. A review of the record in the instant case reveals that the defendant understood the nature of the accusations and, as a result, the failure to explain all the elements of the crime was not error.

Defendant also argues that his guilty plea and conviction were improper because of an illegal search and seizure. A guilty plea waives all defects in the prior procedure and consequently whether or not the search was illegal, defendant's plea would still be valid. *People* v. *Robbins* (1967), 6 Mich App 633; Anno: Plea of Guilty as Waiver of Illegal Search and Seizure (1968), 20 ALR3d 724.

A further review of the record reveals that the trial judge fully complied with GCR 1963, 785.3(2). Furthermore, the defendant does not allege that his

plea was involuntary, untruthful, coerced, or that he was in fact not guilty. It is well settled that the defendant has the burden of showing more than technical noncompliance with the court rules, *People* v. Nelson (1969), 18 Mich App 177, and nothing more having been shown in this matter we find the defendant's allegations to be so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.