PEOPLE *v.* DEMSON

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—ATTORNEY AND
   CLIENT—PLEA OF GUILTY—WAIVER.
   Acceptance of a plea of guilty was not precluded be-
   cause defendant was not represented by counsel at the pre-
   liminary examination because any defects in the preliminary
   examination are waived upon the entry of a plea of guilty.

2. CRIMINAL LAW—SENTENCE—MAXIMUM SENTENCE—DISCRETION—
   APPEAL AND ERROR.
   The trial court has wide discretion in imposing a sentence and
   an appellate court does not have supervisory control over the
   punishment where a sentence is within the maximum provided
   by statute.

Appeal from Genesee, Elza H. Papp, J. Sub-
mitted Division 2 June 10, 1970, at Lansing. (Doc-
ket No. 7,292.) Decided June 30, 1970.

Ross J. Demson was convicted, on his plea of guil-
ty, of indecent liberties with a child under the age of
16 years. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

*Mark Turpen,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[2] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Per Curiam.    Defendant, Ross Demson, was charged with two separate criminal counts.  Count one was for statutory rape, CL 1948, § 750.520 (Stat Ann 1954 Rev § 28.788) and count two was for indecent liberties.  CL 1948, § 750.336 (Stat Ann 1954 Rev § 28.568).  On November 7, 1967, defendant pled guilty to taking indecent liberties and count one was dismissed.  Complainant was 15 years old.  On January 15, 1968 defendant received a sentence of from seven to ten years.

On appeal, defendant raises the following issues:

One: Should the court have accepted a guilty plea when defendant had not been represented by counsel at his municipal court examination?

Two: Should the court have accepted a guilty plea when defendant was not free on bond?

Three: Was the sentence prejudicial and excessive?

Absence of counsel at a preliminary examination does not preclude the acceptance of a guilty plea.

Michigan courts have determined that any and all alleged defects in the preliminary examination are waived upon the entry of a guilty plea.  *People* v. *Collins* (1968), 380 Mich 131; *People* v. *McCurtis* (1969), 19 Mich App 353, 355.

The record indicates, and defendant concedes, that defendant at the time of the plea acceptance was in fact out on bond.  This issue is without merit.

CL 1948, § 750.336 (Stat Ann § 28.568) provides a maximum penalty of ten years.

When a sentence is within the maximum provided by statute, the trial court has wide discretion and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an appellate court does not have supervisory control over the punishment. *People* v. *Pate* (1965), 2 Mich App 66, 68; *People* v. *Doran* (1967), 6 Mich App 86, 88.

The present record discloses no allegation of innocence or patent miscarriage of justice in the acceptance of the guilty plea. *People* v. *Winegar* (1968), 380 Mich 719, 733.

Affirmed.