PEOPLE *v.* MORGAN

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—EXPLANATION BY THE COURT.

> Failure of trial court to explain the differences between the elements of the crime originally charged and the lesser included offense of which defendant pled guilty is not error, for it is not necessary that the record affirmatively show that the defendant was aware of the elements of the crime and such explanation is not required (GCR 1963, 785.3[2]).

2. ROBBERY—ASSAULT WITH INTENT TO ROB BEING ARMED—PLEA OF GUILTY—TESTIMONY.

> Testimony by defendant at the time he offered his plea of guilty to the charge of assault with intent to rob while armed that he was armed, that he used a gun in committing the robbery, and that his victims saw the gun is sufficient to show that defendant had committed a crime of which he pled guilty (MCLA § 750.89).

Appeal from Wayne, John R. Murphy, J. Submitted Division 1 October 20, 1970, at Detroit. (Docket No. 9508.) Decided December 8, 1970.

Edgie Lee Morgan was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant was originally charged with armed robbery. In the presence of counsel, he pleaded guilty to the lesser included offense of assault with intent to rob while armed. On appeal he seeks to withdraw the plea claiming that the acceptance was invalid because of the failure of the trial judge to explain the differences between the elements of the offense originally charged and the offense to which he pleaded guilty. The people move to affirm.

No such explanation is required. GCR 1963, 785.3(2); *People* v. *Torns* (1970), 23 Mich App 238; *People* v. *Bartlett* (1969), 17 Mich App 205. It is not necessary that the record affirmatively show that the defendant was aware of the elements of the crimes. *People* v. *Torns, supra; People* v. *Ferguson* (1968), 13 Mich App 362.

Defendant also claims that the acceptance of his plea was invalid because the record does not affirmatively show that he drew the gun with which he was armed nor that his victims saw the gun *before* he took the money. At the time of defendant's plea he testified that he was armed with a gun,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that he used the gun in committing the robbery, and that his victims saw the gun. There was ample testimony to show that defendant had committed the crime to which he pleaded guilty. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

The trial judge did not err in accepting defendant's plea of guilty. Motion to affirm is granted.