PEOPLE *v.* KUCHULAN

1. Criminal Law—Plea of Guilty—Factual Basis—Court's Examination—Truthfulness.

Trial judge's failure to examine a guilty-pleading defendant at the plea-taking proceeding regarding the defendant's participation in the crime charged is not necessarily fatal to defendant's plea of guilty; the trial judge is required only to reasonably ascertain the truth of the guilty plea before accepting it.

2. Criminal Law—Plea of Guilty—Truthfulness—Factual Basis.

The truth of a plea of guilty is ascertained when the record discloses a substantial factual basis for it.

3. Criminal Law—Plea of Guilty—Factual Basis.

A substantial factual basis for defendant's plea of guilty existed even though the defendant was not questioned at the plea-taking proceeding regarding his participation in the crime where the preliminary examination transcript furnishes a substantial basis and where the defendant entered his plea during the second day of trial and just after a codefendant was questioned regarding his participation in the offense.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 January 12, 1971, at Lansing. (Docket No. 9762.) Decided February 26, 1971. Leave to appeal denied October 20, 1971, 386 Mich 762.

John Kuchulan was convicted, on his plea of guilty, of aiding and abetting in the placing of an injurious substance with intent to destroy the prop-

---

Reference for Points in Headnotes

[1-3] 21 Am Jur 2d, Criminal Law §§ 484-496.

erty of another. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles E. Raymond,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant was convicted, by his plea of guilty, of aiding and abetting in the placing of an injurious substance with intent to destroy the property of another, contrary to MCLA § 750.208 (Stat Ann 1962 Rev § 28.405). On appeal, the people move to affirm. GCR 1963, 817.5(3).

The only issue raised on appeal is whether defendant's plea of guilty was properly accepted where the trial judge did not examine him to establish the crime and his participation therein. It is manifest that the question presented, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission.

The failure of the trial judge to examine defendant with reference to the crime and his participation therein is not necessarily fatal to the conviction. *People* v. *Seifert* (1969), 17 Mich App 187, *People* v. *Donald T. Moore* (1970), 21 Mich App 150. Before accepting a guilty plea, the trial court is required to arrive at a reasonable ascertainment of the truth of the plea. *People* v. *Bartlett* (1969), 17 Mich App 205. The truth of a plea is ascertained when there appears from the record a substantial

factual basis for it. In the present case, the transcript of the preliminary examination furnishes a substantial factual basis for the plea. In addition, defendant's plea was entered during the second day of trial and just shortly after a codefendant was questioned as to his participation in the offense. The record in this case contains a substantial factual basis for the plea and the trial judge did not err by not examining defendant as to the crime and his participation therein.

Motion to affirm is granted.