PEOPLE v. MUMFORD

CRIMINAL LAW—PLEA OF GUILTY—COURT'S DUTY—ENUMERATING ELEMENTS OF CRIME.
 The trial court need not advise a defendant of the elements of the crime of which the defendant pleaded guilty.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 February 9, 1971, at Grand Rapids. (Docket No. 10306.) Decided April 2, 1971.

John Henry Mumford was convicted, on his plea of guilty, of assault with intent to rob while armed. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Kenneth D. Kruse*, for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 487 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

PER CURIAM. Defendant appeals as of right from a plea-based conviction of assault with intent to rob while armed. He was originally charged with armed robbery and pleaded guilty to the lesser offense. The people move to affirm.

Defendant's only claim of error is that his conviction was invalid because the trial judge failed to advise him as to the elements of the crime to which he pleaded guilty. No such advice is necessary. *People* v. *Harvey* (1970), 24 Mich App 363.

The trial judge fully complied with all of the requirements of GCR 1963, 785.3(2). Defendant was adequately advised of his rights and interrogation of the defendant by the trial judge as to the facts of the crime indicated clearly that the defendant was guilty of both the crime to which he pleaded guilty and the crime with which he was originally charged.

Motion to affirm is granted.