PEOPLE *v.* MADDEN

CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—EXPLANA-
TION BY THE COURT.
   An explanation to the defendant of the elements of the crime
   charged is not required before a plea of guilty is accepted.

Appeal from Recorder's Court of Detroit, Don Binkowski, J. Submitted Division 1 April 7, 1971, at Detroit. (Docket No. 10322.) Decided April 30, 1971. Leave to appeal denied July 16, 1971. 385 Mich 770.

James Ray Madden was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert L. O'Hara,* Assistant Prosecuting Attorney, for the people.

*T. Vincent,* for defendant on appeal.

Before: LESINSKI, C. J., and DANHOF and O'HARA,* JJ.

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

_____

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 487 *et seq.*

Per Curiam. The defendant pled guilty to a reduced charge of manslaughter, MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). He was sentenced to a term of 14–1/2 to 15 years in prison.

On appeal he claims, *inter alia,* that the trial court should have informed him of the elements of the crime before accepting his plea. The people move to affirm the conviction.

An explanation of the elements of the crime is not required. *People* v. *Morgan* (1970), 28 Mich App 594. The trial court made an unusually thorough and extensive examination of the defendant before accepting his plea, and there was no error.

The questions sought to be reviewed are so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.