PEOPLE v. HORACE

1. BURGLARY—BREAKING AND ENTERING—DWELLING HOUSE—OC-
CUPIED DWELLING.
   The elements of the crime of breaking and entering a dwelling
   house are the same regardless of whether the dwelling house
   is occupied or unoccupied; whether the house is occupied or un-
   occupied goes to the length of the sentence (MCLA § 750.110).

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—BREAKING
AND ENTERING—UNOCCUPIED DWELLING.
   Plea of guilty of breaking and entering an unoccupied dwelling
   house was properly accepted even though defendant contended
   on appeal that he pled guilty of breaking and entering an
   occupied dwelling house where defendant was aware of the
   crime charged (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—BREAKING AND ENTERING UN-
OCCUPIED DWELLING—EXPLANATION OF ELEMENTS OF CRIME.
   A trial judge need not explain to a defendant what constitutes
   an occupied or unoccupied dwelling place before accepting the
   the defendant's plea of guilty to the charge of breaking and
   entering an unoccupied dwelling.

Appeal from Berrien, Chester J. Byrns, J. Sub-
mitted Division 3 September 7, 1971, at Grand Ra-
pids. (Docket No. 10473.) Decided October 27,
1971.

Stephen Horace was convicted, on his plea of
guilty, of breaking and entering an unoccupied dwell-
ing. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 3 et seq.
[2, 3] 21 Am Jur 2d, Criminal Law § 484 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald J. Taylor,* Prosecuting Attorney, for the people.

*Rodger V. Bittner,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. Defendant, on April 8, 1970, pled guilty to breaking and entering an unoccupied dwelling contrary to MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). On May 18, 1970, he was sentenced to a term of four to ten years in prison.

On appeal, one issue is presented:

"Whether the examination of the defendant required by GCR 1963, 785.3(2) indicates that the plea of the defendant was understandingly entered?"

GCR 1963, 785.3(2) provides:

".3 Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

\* \* \*

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.-305) provides:

"Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. *For the purpose of this section 'any occupied dwelling house' includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode.*" (Emphasis added.)

At defendant's arraignment the following colloquy, between the defendant and the court, transpired:

"*The Court:* All right. Did the—was the building in question an unoccupied dwelling house?
"*Defendant:* Yes, sir.
"*The Court:* Was it owned or occupied by a Norbert Cramer?
"*Defendant:* Yes, sir, it was."

Defendant now contends that it is, from the above, obvious that he did not understandingly plead guilty to breaking and entering an *unoccupied* dwelling.

Defendant relies upon *People* v. *Hunn* (1965), 1 Mich App 580; *People* v. *Mason* (1968, 13 Mich App 277; and *People* v. *Coats* (1969), 16 Mich App 652, to support his position that his plea was not understandingly made.

However, in *Hunn* and *Coates* the defendants' guilty pleas were not valid because of lack of knowledge and intent to commit the crimes charged or any crime. In *Mason* the defendant was trying to assert a defense thus invalidating his guilty plea.

The contentions of defendant herein, hinge around the statutory language "unoccupied dwelling". Basically, defendant asserts his guilty plea is invalid because the dwelling he broke and entered into was "occupied" within the statutory meaning, as the dwelling belonged to one Norbert Cramer.

The problem originated with the manner in which the information was drafted:

"Feloniously did then and there break and enter a certain *unoccupied dwelling house belonging to* the above-named *complainant,* situated at the above-designated location, with intent to commit the crime of larceny therein.

"Contrary to § 750.110, CL 1948, as amended by PA 1964, No 133." (Emphasis supplied.)

In *People* v. *William Turner* (1970), 26 Mich App 632, 637, 638 (citing MCLA § 767.57 [Stat Ann 1954 Rev § 28.997]) this Court held:

" 'In pleading a statute or a right derived therefrom it is sufficient to refer to the statute by its title, or in any other manner which identifies the statute and the court must thereupon take judicial notice thereof.'

"Furthermore, the record establishes beyond a doubt that defendant Turner was aware of the crime with which he was charged. At the first trial, Turner was convicted of first-degree murder. It was again noted at the *Walker* hearing that the charge was murder in the first degree."

Here, defendant was aware of the crime with which he was charged: the crime of breaking and en-

tering a dwelling house. Whether the house is occupied or unoccupied, goes to the length of sentence; however, the elements of the crime are the same in either case.

It was not necessary for the trial judge to explain to defendant what constitutes an occupied or unoccupied dwelling place.

In *People* v. *Morgan* (1970), 28 Mich App 594, 595, this Court held:

"On appeal he seeks to withdraw the plea claiming that the acceptance was invalid because of the failure of the trial judge to explain the differences between the elements of the offense originally charged and the offense to which he pleaded guilty. The people move to affirm.

"No such explanation is required. GCR 1963, 785.3(2); *People* v. *Torns* (1970), 23 Mich App 238; *People* v. *Bartlett* (1969), 17 Mich App 205. It is not necessary that the record affirmatively show that the defendant was aware of the elements of the crimes. *People* v. *Torns, supra; People* v. *Ferguson* (1968), 13 Mich App 362."

See also, *People* v. *Allen* (1971), 31 Mich App 183; *People* v. *Kuchulan* (1971), 31 Mich App 280.

As to the requirements of GCR 1963, 785.3(2), this Court has stated in *People* v. *Head* (1971), 31 Mich App 491, 496, 497:

"This writer has looked in vain for a requirement under GCR 1963, 785.3(2), in its predecessor, Court Rule No 35A (1945), or the statute, MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058), which requires the trial judge to obtain from the defendant the facts of the offense. * * *

"What is needed is an examination by the trial judge of the defendant in which the defendant himself and not through his attorney pleads guilty. The trial court must ascertain from the defendant that

the plea is freely, understandingly, and voluntarily made. When this has been done and the plea accepted, then the purpose of the rule has been complied with, and it is the plea of guilty that establishes the crime charged and the participation of the defendant therein.   \* \* \*

"There is in this case no protestation of innocence, either at the trial level or at the appellate level, and it is clear that the defendant is not protesting his innocence, but rather, is objecting to the sentence which he received from the trial court.

"Thus, upon the record present to us, we are convinced that this defendant did freely, understandingly, and voluntarily plead guilty to the offense for which he was charged."

See also, *People* v. *Hatfield* (1971), 30 Mich App 258.

A review of the record here shows compliance with GCR 1963, 785.3(2) by the trial judge. Defendant has not protested his innocence, but rather, is now objecting to the sentence imposed, based on a claimed prior defect in the information. Any defect present was waived by his guilty plea. *People* v. *Harvey* (1970), 24 Mich App 363, 364; *People* v. *Demson* (1970), 25 Mich App 151, 152; and *People* v. *Patton* (1970), 25 Mich App 713, 714. No reversible error occurred.

Affirmed.