## PEOPLE v CHAPPELL

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—ADVICE OF RIGHTS.

   In the acceptance of a plea of guilty the trial judge is not required to make a parroted incantation of a defendant's constitutional rights; what is required is that the trial judge convey to a defendant, in a way that the defendant can understand, what his rights are so that he can act intelligently regarding them.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—ADVICE OF RIGHTS.

   Acceptance of defendant's plea of guilty of larceny in a building was valid where the trial judge informed him in plain and simple language that he was entitled to a trial by either judge or jury, that he was presumed to be innocent, that the prosecution had the burden of establishing his guilt, that he was not required to take the witness stand, that if he did not testify in his own behalf, it could not be used against him, and that all witnesses having information about the cause would be brought into court so that his attorney could either question or have the opportunity to question them, and defendant, when asked by the judge whether he understood, responded that he did.

3. CRIMINAL LAW—INDETERMINATE SENTENCE—VALIDITY.

   A sentence of 3-1/2 to 4 years violates the indeterminate sentence act because there is too short an interval between the minimum and maximum terms; consequently, such a sentence requires remand for resentencing (MCLA 750.360, 769.8).

4. CRIMINAL LAW—PRESENTENCE REPORT—RIGHT TO EXAMINE.

   Counsel for defendant is entitled to examine the information available to the trial court which may have affected his client's

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 486.

[3] 21 Am Jur 2d, Criminal Law § 540.

[4] 21 Am Jur 2d, Criminal Law § 303.

[5, 6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

sentence, absent such personal or confidential information in the report as the trial court shall find in its sound discretion should remain confidential; therefore, a motion of defendant's appellate counsel to produce the presentence report was improperly denied.

5. CRIMINAL LAW—SENTENCING—JUVENILE RECORD.

A consideration by a judge of a juvenile record, or its substance as contained in a presentence report, when imposing sentence on an adult offender, is error (MCLA 712A.23).

6. CRIMINAL LAW—JUVENILE RECORD—PRESENTENCE REPORT.

The statute prohibiting the use of a defendant's juvenile record as evidence for any purpose whatsoever, while it prohibits a sentencing judge from relying on the use of a juvenile record for the result of the juvenile court adjudicative process, is not in conflict with another statute which requires probation officers to inquire into and make report in writing regarding antecedents, character and circumstances of convicted persons, because a defendant's conduct, character and behavior during the period he was within the jurisdictional age of juvenile authorities can be developed and presented to the sentencing court without reference to his juvenile record (MCLA 712A.23, 771.14).

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 November 8, 1972, at Detroit. (Docket No. 13582.) Decided December 6, 1972.

Hosea Chappell was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Conviction affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Jerome P. Reif,* Assistant State Appellate Defender, for defendant.

Before: Lesinski, C. J., and Fitzgerald and Van Valkenburg,* JJ.

Lesinski, C. J. The defendant in this case appeals from a conviction, based on a plea of guilty, of the crime of larceny in a building, MCLA 750.360; MSA 28.592. Defendant appeals as of right.

I

In the course of taking the plea of guilty, the trial judge advised the defendant of his constitutional right to trial by either judge or jury. The court also informed the defendant that he was entitled to the presumption of innocence, and that the prosecutor had the burden of establishing defendant's guilt. The trial judge also advised the defendant as follows:

*"The Court:* Do you also understand that you are not required to take the witness stand, and if you did not take the witness stand, this could not be used against you?
*"The Defendant:* Yeah, yeah.
*"The Court:* Would you respond 'yes' or 'no' if you understand?
*"The Defendant:* Yes.
*"The Court:* Tell me this, Mr. Chappell, do you also understand that all witnesses that have any information about this case would be brought into court so that your attorney could question them or would have the opportunity to question them? Do you understand that?
*"The Defendant:* Yes."

The defendant contends his plea was not taken in accordance with the mandates of *People v Ja-*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*worski,* 387 Mich 21 (1972). Defendant's appeal on this point is frivolous. *Jaworski* and *Boykin v Alabama,* 395 US 328; 89 S Ct 1709; 23 L Ed 2d 274 (1969), do not require a parroted incantation of defendant's constitutional rights. What is required of the trial judge is that he convey to the defendant in a way defendant can understand, what his rights are so that he can act intelligently as concerns these rights. In this case the trial judge in plain and simple language conveyed to the defendant full information of his rights which he then knowingly waived.

## II

Defendant contends that his sentence of from 3-1/2 to 4 years violated the indeterminate sentence act, MCLA 769.8; MSA 28.1080, and the provisions of *People v Tanner,* 387 Mich 683 (1972). We agree. The *Tanner* case demands that the sentence of defendant be corrected. We do not correct the sentence in this Court in this case for reasons stated in section IV of this opinion.

## III

Defendant next addresses his appeal to the question of due process of law and effective assistance of counsel as it concerns the right of appellate counsel to examine defendant's presentence report. On June 12, 1972, appellate counsel's motion to produce defendant's presentence report was denied. We find denial of the motion in this case was improper. Counsel for defendant is entitled to examine the information available to the court which may have affected his client's sentence, absent such personal or confidential information in the report as the trial court shall find in its sound

discretion should remain confidential to the court. See *People v Malkowski,* 385 Mich 244 (1971).

## IV

Defendant additionally alleges that the trial court erred when it considered defendant's juvenile record for purposes of sentencing. He asserts that this procedure is in violation of MCLA 712A.23; MSA 27.3178 (598.23). The record made at sentencing demonstrates that the trial judge in fact examined the defendant's juvenile record—or had the substance of the juvenile record in the form of a presentence report.

*People v McFarlin,* 41 Mich App 116 (1972), articulates the reasons for holding that use of a defendant's juvenile record in imposing sentence as an adult offender was error.

Additionally, we observe that the provisions of MCLA 771.14; MSA 28.1144, which require a probation officer to "inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon in writing to such court or magistrate" prior to sentencing, are not in conflict with *McFarlin.* The antecedents, character and behavioral patterns of a defendant can be developed and presented to the sentencing court without reference to a juvenile record. The statutory restraint of MCLA 712A.23; MSA 27.3178 (598.23) on the use of a juvenile record does not preclude the development and presentation of a report which indicates the conduct, character and behavior of the defendant during the period he is within the jurisdictional age of juvenile authorities. The statute barring the use of juvenile records as evidence "for any purpose whatsoever" prohibits a sentencing judge from relying on the use of a juvenile record for the

result of the juvenile court adjudicative process. The juvenile court adjudicative process is significantly different from and less onerous than a finding of criminal guilt in a court of general criminal jurisdiction.

A defendant with a juvenile record finds himself in the same position as any adult without a criminal record because of the protection afforded by the statute. As with adults the absence of a criminal record does not bar presentence investigation mandated by the statute into the antecedents, character and behavioral patterns of the defendant.

The sentence is hereby ordered set aside and the cause is remanded to the trial court for resentencing by the trial court's alternate or such judge as the presiding judge shall designate. A new presentence report is hereby ordered. The report shall exclude any reference to defendant's juvenile court record.

Affirmed in all respects except as to sentence.

All concurred.