PEOPLE v LaPINE

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT.

A judge, at sentencing, is entitled to review a presentence report which gives him a background concerning a defendant's antecedents, character, and circumstances, to assist in fitting the sentence to the individual (MCLA 769.8, 771.14).

2. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—JUVENILE RECORD.

A presentence report may include the period a defendant is within the jurisdictional age of the juvenile authorities and this is not repugnant to statute (MCLA 712A.23).

3. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—CIVIL COMMITMENTS.

Records and information regarding a defendant's civil commitments were proper subjects for presentence review.

4. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—ACCURACY.

A valid sentence must be based upon accurate information; presentence reports have been held to be inaccurate where (1) a conviction was referred to which was later found to be constitutionally infirm, (2) a trial court referred to and considered pending charges against a defendant in passing sentence, (3) other offenses were considered and denied by the defendant without proof that defendant had in fact committed such offenses.

5. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—RIGHT TO EXAMINE—ACCURACY.

There is no persuasive ground upon which to claim a prejudicial sentence because defendant was not given an opportunity to examine the presentence report where the record discloses no

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6] 21 Am Jur 2d, Criminal Law § 585.

[2, 7, 8] 47 Am Jur 2d, Juvenile Courts, and Delinquent and Dependent Children §§ 4, 8.

request by a defendant or his counsel in the trial court to examine the presentence report so that a denial could have been made or any misinformation corrected and where there is no contention or proof that the presentence report was inaccurate.

6. CRIMINAL LAW—PRESENTENCE REPORT—CRIMINAL INVOLVEMENT—ACCURACY.

A presentence report is subject to inquiry, review and consideration by the sentencing judge where there is no denial of criminal involvement as contained in the report, and no contention that the report is inaccurate or unreliable, and where there is no proof of any other infirmity.

7. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

A trial judge did not commit error in considering the juvenile record of a defendant in determining a proper sentence to impose on him.

DISSENT BY T. M. BURNS, J.

8. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.
*A defendant's juvenile record may not be used in setting sentence.*

Appeal from Chippewa, William F. Hood, J. Submitted Division 3 April 6, 1973, at Grand Rapids. (Docket No. 15560.) Decided May 25, 1973.

Jerry LaPine was convicted, on his plea of guilty, of taking indecent liberties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Farrell Elliott,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Thomas R. Lewis,* Director, and *James D. Hunter,* Staff Attorney, of counsel), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: Holbrook, P. J., and T. M. Burns and Churchill,* JJ.

Holbrook, P. J. Defendant was charged with statutory rape. MCLA 750.520; MSA 28.788. He pled guilty to indecent liberties. MCLA 750.336; MSA 28.568. Defendant was sentenced to 30 months to 10 years in prison.

On appeal, defendant challenges the propriety of the sentencing procedure employed by the trial court. He alleges improper use of defendant's presentence report.

. Defendant contends that he must be resentenced for the following reasons:

1. The court's reliance on civil commitments in determining sentence was constitutionally prohibited.

2. Consideration of arrests which did not result in convictions in aggravation of sentence.

3. Consideration of defendant's juvenile record was improper.

At sentencing, a judge is entitled to review a presentence report which gives him a background concerning defendant's antecedents, character, and circumstances. MCLA 771.14; MSA 28.1144. This is to assist in fitting the sentence to the individual. MCLA 769.8; MSA 28.1080.

The presentence report may include the period a defendant is within the jurisdictional age of the juvenile authorities and this is not repugnant to MCLA 712A.23; MSA 27.3178 (598.23); *People v Coleman,* 19 Mich App 250 (1969); *People v Chappell,* 44 Mich App 204 (1972). Records and information regarding defendant's civil commitments were proper subjects for presentence review.

A valid sentence must be based upon accurate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

information. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Malkowski,* 385 Mich 244, 249 (1971); *People v Zachery Davis,* 41 Mich App 683, 692 (1972).

Presentence reports have been held to be inaccurate where (1) a conviction was referred to which was later found to be constitutionally infirm, *United States v Tucker, supra;* (2) a trial court referred to and considered pending charges against a defendant in passing sentence, *People v Davis, supra; People v Dorsey,* 45 Mich App 230 (1973); and (3) other offenses were considered and denied by the defendant without proof that defendant had in fact committed such offenses, *People v Davis, supra; People v Hildabridle,* 45 Mich App 93 (1973).

In the present case there were no pending charges—all had been disposed of and no other convictions found to be constitutionally infirm were considered.

Where, as in the instant case, the record discloses no request by the defendant or his counsel of the trial court to examine the presentence report where a denial could have been made or any misinformation corrected and there is no contention or proof that the presentence report was inaccurate, there is no persuasive ground upon which to claim a prejudicial sentence.

Accuracy of information in the presentence report is the test. *United States v Tucker, supra; People v Malkowski, supra;* and *People v Zachery Davis, supra.* Where there is no denial of criminal involvement, as contained in the presentence report, and no contention that the report is inaccurate or unreliable or proof of any other infirmity, the report is subject to inquiry, review and consideration by the sentencing judge.

Defendant asserts that the trial court erred

when it considered defendant's juvenile record in determining a proper sentence to impose on him.

Our Court does not have a unanimous view on this issue. *People v Coleman,* 19 Mich App 250 (1969), is authority for the rule that the trial court may review a defendant's juvenile record in determining a sentence to be imposed; that the trial court in considering the juvenile record of a defendant in determining a proper sentence is not in violation of MCLA 712A.23; MSA 27.3178(598.23). Through April of 1972 various panels of this Court followed *Coleman* as controlling precedent. Thereafter in *People v McFarlin,* 41 Mich App 116 (1972), a panel of this Court declined to follow *Coleman* ruling that it constituted reversible error for a judge to consider a defendant's juvenile record in determining sentence.

In *People v Pence,* 42 Mich App 215 (1972), Justice O'HARA the writer of the opinion, concurred in by this writer, declined to follow *McFarlin* and adhered to the holding of *People v Coleman, supra,* for the reasons therein stated.

Believing that *People v Coleman, supra,* and *People v Pence, supra,* properly set forth the proper rule to be followed on this issue we conclude that there was no error in the trial judge considering the juvenile record of defendant in determining a proper sentence.

Affirmed.

CHURCHILL, J., concurred.

T. M. BURNS, J. *(dissenting).* For the reasons delineated in *People v McFarlin,* 41 Mich App 116 (1972), it is my opinion that a defendant's juvenile record may not be used in setting sentence.

Therefore, I vote to reverse and remand for resentencing.