PEOPLE v FINCH

1. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT.

   Appellate counsel may not demand as a right to examine information or data in the presentence report where trial counsel had not made a request for the report.

2. CRIMINAL LAW—SENTENCE—OTHER OFFENSES—ADMISSIONS.

   The trial court did not err in considering other offenses of which a defendant had not been convicted when imposing sentence where the defendant had admitted committing the other offenses.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 May 10, 1973, at Lansing. (Docket No. 14785.) Decided June 28, 1973.

Robert N. Finch was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David L. Smith,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender, and *Marshall S. Redman,* Assistant Defender, for defendant.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 303.

[2] 21 Am Jur 2d, Criminal Law § 585.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. Defendant was charged with the offense of breaking and entering, contrary to MCLA 750.110; MSA 28.305. Following waiver of a preliminary examination, defendant entered a plea of guilty to the original charge. He was sentenced to a term of five to ten years imprisonment.

On appeal, defendant raises two assignments of error, both of which relate to the sentencing process: (1) whether due process and the right to effective assistance of counsel require that presentence reports be made available to appellate counsel; and (2) whether the trial court when imposing sentence erred by considering evidence of other charges which did not result in convictions.

Defendant contends that the trial court improperly denied defendant's appellate counsel access to the presentence report even though trial counsel had not made a request for the report.[1] He cites *People v Chappell*, 44 Mich App 204; 205 NW2d 285 (1972), as authority for the proposition that appellate counsel has a right to examine information or data in such a report which might bear on his client's sentence. The sole exception is personal or confidential information which the court in its sound discretion determines should remain confidential.

We are aware of *People v Chappell, supra.* It should be noted that *Chappell* relies on *People v Malkowski*, 385 Mich 244; 188 NW2d 559 (1971), for its holding that appellate counsel is to be allowed access to the presentence report. *Malkowski,* however, does not stand for that precise propo-

---

[1] Appellate counsel expressed his belief that the trial judge based his sentence on mere arrests without convictions and therefore he sought production of the presentence report in his motion filed in circuit court.

sition. In *Malkowski,* the Supreme Court was confronted with a situation in which defendant's *trial* counsel, not appellate counsel as in *Chappell* and as in the instant case, had asked to see the presentence report prior to sentencing and again at sentencing. The Supreme Court granted leave to appeal "limited to the sole issue of failing to allow defendant's counsel to examine the presentence report".[2] The Court then examined the contested items on the presentence report and concluded that denial of the opportunity to examine the report and to present additional information relative to the two controverted matters was not so prejudicial as to constitute a miscarriage of justice. We read *Malkowski* to be limited to its own facts.

The Court in *Malkowski* announced an intention to adopt a court rule, which would provide for access by defendants and their attorneys to the information contained in presentence reports, subject to certain specific exceptions. The Court has not yet promulgated such a rule. We feel that it would be inappropriate for us to try to anticipate the Supreme Court's action.[3]

Defendant's second claim also pertains to the presentence report. He argues that a colloquy between the trial judge and defendant at the time of sentencing reveals that the court improperly considered other possible offenses which had not resulted in convictions for the purpose of determining defendant's prospects of receiving probation. Under Michigan law, he argues, a court may not base its sentence in whole or in part on

---

[2] *People v Malkowski,* 385 Mich 244, 246; 188 NW2d 559, 560 (1971).

[3] None of the recently promulgated amendments to GCR 1963, 785, effective as of June 1, 1973, expressly or by reasonable inference therefrom recognizes that a defendant in a criminal case or his counsel may demand of right to examine the involved presentence report.

charges upon which a defendant has not been convicted.

What really happened at the sentencing proceeding was that the trial court first asked the defendant how many other breaking and entering charges he yet faced. Defendant responded that one such charge remained outstanding. Then the trial judge inquired whether or not that charge was "just one of many that you actually committed in the past year?" Defendant said it was. This brings the case at bar within the ambit of *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278, 287 (1972).

In *Grimmett* the Supreme Court recognized that: "[t]he court may consider a defendant's previous convictions, public records concerning the defendant, or even *defendant's admissions to the court"* (emphasis supplied), when imposing sentence. Clearly defendant admitted having committed certain other offenses and the trial judge could properly, pursuant to *Grimmett, supra,* weigh such admissions in determining whether defendant should be paroled or imprisoned. This was not reversible error.

We find no merit in defendant's appeal. We affirm.

All concurred.