PEOPLE v GRABLE

CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—APPELLATE
    COUNSEL—COURT RULES.
    A trial court is not required to furnish a copy of the presentence
    report to a defendant's appellate counsel; court rule provides
    that both parties are to have disclosure of the presentence
    report upon request at time of sentencing (GCR 1963, 785.12).

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 October 9, 1974, at Lansing.
(Docket No. 16466.) Decided October 21, 1974.

Randy C. Grable was convicted, on his plea of
guilty, of possession of pentobarbital. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *James M. Justin,* As-
sistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate
Defender, for defendant.

Before: QUINN, P. J., and BASHARA and VAN
VALKENBURG,* JJ.

QUINN, P. J. By his plea of guilty, defendant was

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 527 (supp).
Presentence reports: defendant's right to disclosure of presentence
    reports. 40 ALR3d 681.
    * Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

convicted of violating MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b). He was sentenced and he appeals.

Of the four issues raised on appeal, only one merits discussion. Appellate counsel, who was not trial counsel, requested a copy of the presentence report on the basis of *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), and GCR 1963, 785.12. This request was denied by the trial court, and defendant contends this denial was reversible error.

Defendant pleaded guilty September 22, 1972. The *McFarlin* decision was on June 28, 1973. GCR 1963, 785.12 was effective September 1, 1973. Neither the court rule nor the *McFarlin* decision is retroactive and we have found no statute, court rule, or court decision that was in effect on September 22, 1972 that required the trial court to furnish appellate counsel a copy of the presentence report. It was not error, reversible or otherwise, to deny appellate counsel's request for a copy of the presentence report.

This result is not in conflict with *People v Chappell,* 44 Mich App 204; 205 NW2d 285 (1972). *Chappell* first decided that the sentence involved was in violation of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), and that the sentence had to be corrected. The *Chappell* court did not correct the sentence because the next issue presented involved the denial by the trial court of appellate counsel's motion to produce the presentence report.

The *Chappell* court termed this denial "improper", not reversible error. Read in conjunction with the *Tanner* error that required resentencing, we interpret *Chappell* to require disclosure of the presentence report at time of sentence when requested. This is the sense of GCR 1963, 785.12 as

we read it. After stating that the sentencing court shall permit the defendant's attorney or the defendant and the prosecution to see the presentence report, the next sentence of the rule is as follows:

"Both parties shall be given an opportunity *at time of sentencing* to respond to the presentence report and to explain or controvert any factual representations disclosed." (Emphasis added.)

Affirmed.