PEOPLE v MARTIN

Docket No. 55,158. Submitted December 11, 1974 (Calendar No. 4).— Decided December 19, 1974.

David A. Martin was convicted in Kalamazoo Circuit Court, Donald T. Anderson, J., on his plea of nolo contendere, of negligent homicide. Defendant appealed, urging that the trial judge erred when he refused access to the presentence report to trial counsel and denied a motion to resentence. The Court of Appeals, R. B. Burns, P. J., and J. W. Fitzgerald and O'Hara, JJ., affirmed (Docket No. 13720). Defendant appeals. *Held:* a defendant sentenced prior to the effective date of GCR 1963, 785.12 (September 1, 1973) was not entitled, as a matter of right, to inspect the presentence report.

48 Mich App 437; 210 NW2d 461 (1973) affirmed.

1. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORT—COURT RULES.

A defendant sentenced prior to September 1, 1973, is not entitled, as a matter of right, to inspect the presentence report; the intent of the Supreme Court in adding a subrule on presentence reports, effective that date, was to discontinue prior practice and to promulgate a new rule for future practice (GCR 1963, 785.12).

2. CRIMINAL LAW—SENTENCES.

A trial judge is required to inquire into a defendant's antecedents and character prior to sentencing.

3. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION.

Whether a plea of nolo contendere was improperly accepted is not considered where that issue was not raised in the Court of Appeals nor was it included in the pleadings on application for leave to appeal to the Supreme Court; however, the Court may

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 527 (supp).
Presentence reports: defendant's right to disclosure of presentence reports. 40 ALR3d 681.
[2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 545.

from time to time rule upon such issues in the exercise of its discretion when the ends of justice demand.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Francis Zebot* and *Elizabeth Schwartz),* for defendant.

M. S. COLEMAN, J. GCR 1963, 785.12 was given effect prospectively on September 1, 1973.[1] Defendant in substance asks that the rule be made retroactive, giving him access to the presentence report used in his January 31, 1972 sentencing and prays remand for resentencing. We conclude that a defendant sentenced prior to the effective date of the rule is not entitled, as matter of right, to inspect the presentence report. We affirm the Court of Appeals.

## FACTS

Defendant pled nolo contendere to the charge of negligent homicide, reduced from manslaughter. At sentencing the trial judge stated that he had

---

[1] ".12 Presentence Reports. The sentencing court shall permit the defendant's attorney, or if he is not represented by counsel, the defendant to inspect the presentence report. The prosecution shall also be shown the report. Both parties shall be given an opportunity at time of sentencing to respond to the presentence report and to explain or controvert any factual representations disclosed. The court may except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court shall state for the record the reasons for its action and inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure shall be subject to appellate review."

"read over completely several times the report of the probation officer" and indicated that "on the basis of the information which it has from the probation report and from other knowledge" he would impose sentence, having "considered all of the matters".

Included in the presentence report was an unsigned complaint against the defendant as well as a reference to an arrest of the defendant which did not result in a conviction. There is no claim that the report is inaccurate.

Defendant was sentenced to one to two years in prison.

## I.

The threshold question is whether defendant is entitled as a matter of right to inspect his presentence report. He claims that the trial judge erred when he, refused access to the report to trial counsel and denied a motion to resentence.

It was the clear intent of this Court to discontinue prior practice and to promulgate a new rule for future practice. The trial judge did not err.

## II.

The trial judge did allow appellate counsel to inspect the report and defendant complains of two convictionless charges contained in that report. One pertains to his previous assaultive conduct involving his deceased wife who was the victim of the homicide and one to his girlfriend to whom he was subsequently married. The trial judge is required to inquire into a defendant's antecedents and character prior to sentencing. As Judge R. B. BURNS of the Court of Appeals said, "[t]he trial judge is entitled to know the 'bitter' as well as the

'sweet' side of defendant's character". (Letters on defendant's behalf and two personal visits from a minister and another were considered. The judge conferred with defense counsel prior to sentencing.)

We find no proofs of prejudicial or inaccurate material in the report.

### III.

Defendant belatedly also requests this Court to rule that the plea of nolo contendere was improperly accepted. The issue was not raised in the Court of Appeals nor was it included in the pleadings of application for leave to appeal to this Court. It first appeared in defendant's brief.

We decline to review this issue. It is recognized, however, that the Court may from time to time rule upon such issues in the exercise of its discretion when the ends of justice demand.

Affirm.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.