PEOPLE v MARSHALL

1. CRIMINAL LAW—PLEA OF GUILTY—PRESENTENCE REPORTS—COURT
   RULES—JUDGES—DISCRETION.

   Neither a defendant nor his lawyer had an absolute right to
   study the contents of a presentence report prior to the effective
   date of a court rule giving such a right, and therefore absent a
   request by defendant for access to a report and any indication
   that the trial judge abused his discretion in failing *sua sponte*
   to divulge the contents of the report, a defendant who pled
   guilty before September 1, 1973 was not entitled to study the
   contents of a presentence report (GCR 1963, 785.12).

2. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE—EXPLA-
   NATIONS BY COURT.

   A court is not obliged to but *may* explain the elements of the
   offense to which a defendant pleads guilty (GCR 1963,
   785.7[1][a]).

3. CRIMINAL LAW—PLEA OF GUILTY—WITNESSES—RIGHT OF CONFRON-
   TATION—EXAMINATION OF WITNESSES—ADVICE BY COURT—SUF-
   FICIENCY OF ADVICE.

   A court's advice to a defendant who is pleading guilty that on
   trial he would be entitled to the services of an attorney "to
   examine witnesses" is sufficient to inform the defendant of his
   right to confrontation, since the plain meaning of this advice
   cannot be read by the defendant to exclude witnesses against
   him, and such common everyday language conveys much more
   understandable meaning than the pronouncement of the right
   to "confront your accusers".

4. CRIMINAL LAW—APPEAL AND ERROR—CLAIMS OF ERROR—MATTERS
   NOT OF RECORD—HEARINGS OF TRIAL COURT—INVOKING APPEL-
   LATE COURT PROCESS.

   A defendant who wishes to advance claims of error that depend

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 331.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law § 333 *et seq.*
[4] 4 Am Jur 2d, Appeal and Error § 491 *et seq.*

on matters not of record is required to seek at the trial court level an evidentiary hearing for the purpose of establishing his claims with evidence as a precondition to invoking the processes of the appellate courts.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 January 16, 1975, at Detroit. (Docket No. 19702.) Decided February 25, 1975.

Dennis M. Marshall was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Jay N. Siefman,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

BRONSON, J. Originally charged with armed robbery, MCLA 750.529; MSA 28.797, defendant-appellant, Dennis M. Marshall, pled guilty on April 10, 1972 to an added count of assault with intent to rob being armed, MCLA 750.89; MSA 28.284. He was sentenced on April 24, 1972 to a term of from 10 to 15 years in prison and appeals by leave granted, arguing that the plea proceeding below was infected in several instances with reversible error.

His claim that the trial judge erred in failing to grant him access to the presentence report pre-

pared in his case was very recently considered in *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974). In *Martin* the Supreme Court held that, *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), to the contrary notwithstanding, prior to the September 1, 1973 effective date of GCR 1963, 785.12, neither the defendant nor his lawyer have an absolute right to study the contents of a presentence report. Under the circumstances here, absent a request below by defendant for access to the report and absent any indication that the trial judge abused his discretion in failing *sua sponte* to divulge the contents of the report, we cannot say that reversible error occurred.

Marshall also claims that it was error for the trial judge to have failed to inform him of the elements of the offense to which he was pleading guilty. Neither the then applicable court rule, GCR 1963, 785.3(2), nor contemporary case law[1] required that the record affirmatively show that a defendant was made aware of the elements of the crime. *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971), is often misread in this regard; that case merely outlined "SUGGESTED GUILTY PLEA TAKING GUIDELINES", *Williams, supra,* at 296, which foreshadowed the now mandatory amendments to GCR 1963, 785. Nothing in *Williams* was ever meant to require that certain procedures be followed in cases arising prior to the effective date of the amendments to GCR 1963, 785. Indeed, not even present law, GCR 1963, 785.7(1)(a), *requires* that the elements of the offense be disclosed: " * * * [T]he court is not obliged to, but *may* explain the elements of the

---

[1] *See, e.g., People v Morgan,* 28 Mich App 594; 184 NW2d 471 (1970); *People v Horace,* 36 Mich App 666, 670; 194 NW2d 128, 130 (1971).

offense * * * ". GCR 1963, 785.7(1)(a). (Emphasis supplied.)

Next, the following advice concerning Marshall's right of confrontation is said to have been insufficient:

"*The Court:* If you had a trial you wouldn't have to be alone at that trial. You can have your lawyer with you throughout the trial. He can do a lot of things for you and *he can question the witnesses for you. He can subpoena witnesses on your behalf* and make legal arguments for you and give you advice and help you in a lot of other ways. Do you understand that?
"*Mr. Marshall:* Yes, sir." (Emphasis added.)

Language very similar to that underscored above was upheld as sufficient to inform a defendant of his right to confrontation in *People v Mathis,* 52 Mich App 140; 216 NW2d 467 (1974), and *People v Sanders,* 54 Mich App 541; 221 NW2d 243 (1974).[2] The following quotation from *Mathis, supra,* at 142, states our view of the matter:

"The plain meaning of this advice to the accused that on trial he would be entitled to the services of an attorney 'to examine witnesses' certainly cannot be read to exclude witnesses against him. Such common ordinary everyday language conveys much more understandable meaning than the pronouncement of the right to 'confront your accusers'."

Marshall's final claim of error is prematurely raised. He urges that the prohibition against conditioning guilty pleas on the waiver of the right to appeal, established in *People v Butler,* 43 Mich

[2] We acknowledge, but decline to follow, a contrary line of case law on this question. *See People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972); *People v Purdy,* 46 Mich App 630, 632; 208 NW2d 581, 582 (1973); *People v Thomas Mathis,* 55 Mich App 699; 223 NW2d 312 (1974).

App 270; 204 NW2d 325 (1972), and reaffirmed in *People v Ledrow,* 53 Mich App 511; 220 NW2d 336 (1974), was ignored in this case. The record before us does not sufficiently support the error asserted. A copy of a letter addressed to Marshall and apparently written by a lawyer appointed to represent him in another, unrelated, case in a different jurisdiction suggests that this other case was to be dismissed in the event that Marshall did not seek appeal by right in the instant case. It appears that this other charge was in fact dismissed after the statutory appeal period in the present case expired.

However, Marshall has not sought, either by motion for new trial or otherwise, to raise this issue in the trial court. We have no way of knowing whether in fact the dismissal in the other case was *conditioned* on Marshall's foregoing his right to appeal or whether, instead, the decision to dismiss was not made, or even considered, until after the appeal period in this case expired. In other words, there is nothing in the record which indicates to what extent the two cases *are* related for *Butler* purposes. We accordingly express no opinion on the applicability of *Butler* to these facts. We further reserve judgment on whether *Butler* is to be applied retroactively. *See People v Ledrow, supra,* at 514. Marshall must first seek to have these questions answered in the trial court:

"A defendant who wishes to advance claims that depend on matters not of record can properly be required to seek at the trial court level an evidentiary hearing for the purpose of establishing his claims with evidence as a precondition to invoking the processes of the appellate courts * * * ." *People v Ginther,* 390 Mich 436, 443–444; 212 NW2d 922, 925 (1973). *See also, People v Taylor,* 387 Mich 209, 218; 195 NW2d 856, 861 (1972).

Affirmed.