PEOPLE v SALLEE

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—APPELLATE
   COUNSEL—ATTORNEY AND CLIENT—ACCESS—COURT RULES.

   The Supreme Court has provided a procedure for limited access
   to presentence reports; however, an appellate counsel does not
   have the right to examine a presentence report (GCR 1963,
   785.12).

2. CRIMINAL LAW—COURTS—COURT RULES—EFFECTIVE DATE—PRESEN-
   TENCE REPORTS.

   A defendant may not assert the applicability of a general court
   rule relating to presentence reports where he was sentenced
   prior to the effective date of that rule.

3. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—RIGHT TO EX-
   AMINE—ACCURACY.

   There is no persuasive ground upon which to claim a prejudicial
   sentence because defendant was not given an opportunity to
   examine the presentence report where the record discloses no
   request by a defendant or his counsel in the trial court to
   examine the presentence report so that a denial could have
   been made or any misinformation corrected, and where there is
   no contention or proof that the presentence report was inaccu-
   rate.

4. APPEAL AND ERROR—CRIMINAL LAW—SENTENCING—PRESENTENCE
   REPORT—PRESERVING QUESTION.

   A defendant may not assign as error questions relating to the
   presentence report where he has not made a record concerning
   the report at the time of sentencing so that the Court of
   Appeals may properly review the question.

CONCURRENCE BY M. F. CAVANAGH, J.

5. CRIMINAL LAW—SENTENCING—ATTORNEY AND CLIENT—APPELLATE
   COUNSEL—PRESENTENCE REPORT—ACCESS—COURT RULES.

   *An appellate defense counsel is not entitled to a copy of a*

REFERENCE FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 303, 527 supp.

*presentence report for a defendant sentenced prior to the effective date of a court rule regulating access to presentence reports (GCR 1963, 785.12).*

Appeal from St. Clair, Kenneth J. Stommel, J. Submitted May 13, 1975, at Detroit. (Docket No. 19468.) Decided August 11, 1975.

James A. Sallee was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: T. M. Burns, P. J. and M. F. Cavanagh and O'Hara,* JJ.

O'Hara, J. The defendant pled guilty to assault with intent to rob being armed, MCLA 750.89; MSA 28.284. He appeals of right.

In his brief defendant has cited numerous cases in support of his contention that appellate counsel should be provided with a *copy* of the presentence report or at least has a right to examine the presentence report prepared to assist the trial judge in determining the appropriate sentence to be imposed. We have examined these cases and find that all of them are distinguishable and are not dispositive of the instant case.

There are four uncited, recent Supreme Court

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*orders* which we think merit some discussion as to
their possible applicability to the present case.
Rather typical of these is the following excerpt
which we quote in pertinent part:

> "Leave to appeal granted December 23, 1974. The
> Court, *sua sponte,* pursuant to GCR 1963, 865.1(7),
> affirms the Court of Appeals' order of August 8, 1974,
> denying appellate counsel's request for a copy of the
> presentence report of a defendant sentenced after Sep-
> tember 1, 1973; however, the trial court shall permit
> appellate counsel to inspect the presentence report
> during regular court hours." *People v David Jones,* 393
> Mich 776 (1974).

See also *People v William Brown,* 393 Mich 777
(1974), *People v Kage,* 393 Mich 777 (1974), *People
v Bills,* 393 Mich 777 (1974).

We do not regard these orders as supportive of
defendant's position for several reasons which we
will now discuss.

In *People v Finch,* 48 Mich App 213; 210 NW2d
370 (1973), we pointed out that in *People v Mal-
kowski,* 385 Mich 244; 188 NW2d 559 (1971), the
Supreme Court had indicated its intention to adopt
a court rule to deal with the question of access by
criminal defendants to the information contained
in presentence reports. It did so. See GCR 1963,
785.12. The rule provides for access "at [the] time
of sentencing". It also provides for certain limita-
tions on the accessibility of such information. We
construe this to mean that the Supreme Court
considered this a proper subject matter for its rule-
making power. We further conclude that if it had
intended to include appellate counsel it would
have done so. See generally *People v Grable,* 56
Mich App 221; 223 NW2d 656 (1974).

Further corroboration of our view that the pe-

remptory orders cited above do not grant any general right to appellate counsel could, it seems to us, be inferred from the very importance of presentence reports in the overall sentencing process and the manifest absence of any authoritative holding as to this matter by our Supreme Court.

By statute[1] it is provided that "[a]ll records and reports of investigations made by probation officers * * * are * * * privileged * * * [and] not open to public inspection." The statute goes on to provide limited exceptions to this broad proscription on access to information gathered by probation officers. The Legislature has, in effect, recognized the importance of the information involved and the desirability for sound reasons of public policy of not making such records and reports generally accessible. That the Supreme Court has also recognized the crucial nature of presentence reports is evident from its decision in *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974), holding that a criminal defendant cannot waive his right to the statutorily-mandated preparation of a presentence report. Hence we hardly think it reasonable to assume that the Supreme Court would decide a matter of such practical significance without either amending GCR 1963, 785.12, to explicitly provide for expanded rights of appellate counsel with respect to presentence reports or, alternatively, to write a full opinion setting forth this major new right in unmistakably clear terms.

The Court of Appeals in Michigan has no inherent rule-making power. What limited authority it has is by grace of the Supreme Court.

The issue here raised has the gravest overtones for criminal jurisprudence throughout the state. Some counties permit examination of the presen-

---

[1] MCLA 791.229; MSA 28.2299.

tence report by appellate counsel. Some do not. Some permit examination in place; some, we are told, furnish copies on request.

We think that there is a great deal of difference between affording both parties "an opportunity *at time of sentencing* to respond to the presentence report and to explain or controvert any factual representations * * * " (emphasis supplied), and bringing a presentence report into the appellate process where this Court would be called upon to pass on issues that should and could have been raised in the court below. Additionally, we are vested with appellate jurisdiction over the propriety of the trial court excepting information from the report.

Arrogating to ourselves the additional authority to pass initially on availability of the report to appellate counsel seems to us to be doing what the Supreme Court could have done in GCR 1963, 785.12, had it so intended. Under our multi-panel system we might well divide as to the availability of the report to appellate counsel initially and merely confound trial courts.

These general considerations and in particular the aforementioned fact that the Supreme Court has already provided a procedure for *limited* access to presentence reports indicate that our highest court has implicitly determined that the subject matter of presentence reports is peculiarly within its plenary rule-making power and hence not an appropriate subject for action by the Court of Appeals. Until it uncontrovertibly decides that appellate counsel has the right to examine such reports, we decline to read the Supreme Court's summary orders as authority for this proposition. Thus we reaffirm this Court's prior denial of de-

fendant's motion for production of the involved presentence report.[2]

Assuming, *arguendo,* we err in our reading of the Supreme Court's intent in *People v David Jones,* it still would not entitle defendant to any relief in the present case.

Interpreted most liberally in favor of defendant, *People v David Jones, supra,* and the other related orders would apparently stand for the proposition that an appellate attorney, while not entitled to receive a *copy* of the presentence report, should be permitted to *inspect* the report during regular court hours, *if and only if,* the defendant was sentenced after September 1, 1973. The latter date is the effective date of GCR 1963, 785.12. Since defendant was sentenced prior to that time, he has no basis in fact to assert the applicability of that general court rule. *Cf. People v Martin,* 393 Mich 145; 224 NW2d 36 (1974).

Ordinarily we would stop here having spoken to the issue raised and having written decisionally to the point. But there are certain other observations which we think highly pertinent to make about this whole troublesome area concerning the role of appellate counsel vis-à-vis presentence reports.

Defendant asserts that appellate counsel should be provided with access to the presentence report to insure that the information therein was accurate and constitutionally permissible. In moving for production and disclosure of the presentence report defendant-appellant cites no possible errors committed by the sentencing judge. In fact, defendant-appellant's brief gives no reasons which would lead one to believe possible erroneous information

---

[2] The initial motion for production and disclosure of the presentence report was filed with this Court. That motion was denied. Thereafter, the Supreme Court denied defendant's motion for leave to appeal. *See People v Sallee,* 392 Mich 794 (1974).

was taken into account in imposing sentence. It is true that a sentence should be based upon accurate information. See *People v LaPine,* 47 Mich App 553; 209 NW2d 726 (1973), *Malkowski, supra.* But in *LaPine,* this Court stated that where "the record discloses no request by the defendant or his counsel of the trial court to examine the presentence report where a denial could have been made or any misinformation corrected and there is no contention or proof that the presentence report was inaccurate, there is no persuasive ground upon which to claim a prejudicial sentence". 47 Mich App at 556. In the present case, the trial counsel apparently did not request to examine the presentence report.[3] Therefore, it would be illogical to permit appellate counsel to view the presentence report to determine if the sentence was based on accurate information where at sentencing trial counsel made no objection to the information contained in the presentence report nor any request to view it.

This because the presentence report is not part of the record proper. It is not part and parcel of the file which is normally made available to an appellate court. Presumptively this is one reason why GCR 1963, 785.12 explicitly provides that both parties, as noted heretofore, *shall* be given the opportunity at the time of sentencing to delve into the presentence report and to "explain or controvert" such factual matters as they so desire. By this means the parties can make a record not only for the purposes of assuring a proper sentence but also to insure that these matters are properly

---

[3] While neither the lower court record nor the transcript discloses any specific request by defendant's trial counsel to examine the presentence report, counsel was familiar with the contents of the report if for no other reason than the sentencing transcript discloses that he discussed the defendant's background with the probation officer.

preserved for review so that there is a record from which we can assess the validity of objections going to the presentence report. Other than this the court rule, by implication, limits grounds for appellate review to the lower court's decision as to information in the presentence report which the trial judge excepted from disclosure.

Even if defendant were entitled to examine the presentence report we would not read this to mandate that defendant could then raise such matters which he initially could have raised at the time of sentencing but, for whatever reason, chose not to. Perhaps in some limited number of cases it might be useful for appellate counsel to examine the report generally for the purpose of better understanding both his client and the offense of which he was convicted. The defendant herein was already afforded one opportunity to make a record for appeal and didn't take advantage of that opportunity. That was his choice. Were we to hold otherwise it would create a completely unmanageable situation for this Court. Since the Supreme Court, *arguendo,* stated that appellate counsel could examine the report but only to the limited extent of perusing it during regular court hours, the contents of the report still remain outside the lower court record on appeal. Thus whatever statements or allegations might be made by defendant as to the contents of the document would be verifiable only after a personal examination by someone from this Court. While counsel for defendant has adverted to the difficulties attending defense counsel's examination of the report in place, we think they would pale in comparison with the pressures it would place on the Court of Appeals. Most likely appellate counsel would handle an occasional case absolutely necessitating his

examination of the presentence report. Per contra, we could be faced with such an issue countless times, all of which would require sending court personnel to examine the presentence report in order to verify allegations made on appeal as to the contents of this document. As a busy, intermediate appellate court, confronted with an ever-increasing case load, we can ill-afford such a manifest waste of court manpower to verify allegations which properly should have been raised at sentencing and preserved for appellate review.

Yet another difficulty of the same general nature concerns what we as an appellate court are supposed to do if appellate counsel, after examining a presentence report, shall controvert the *accuracy* of certain information in the document. We are not a *nisi prius* court. Our review is limited to matters properly raised and preserved for appeal. We do not exercise powers of *de novo* review to settle controverted questions of fact which should have been brought to the attention of the trial court at the time of sentencing and which were not through defendant's own fault or deliberate omission.

For the stated reasons we hold that should a defendant not make a record at the time of sentencing so that the Court of Appeals may properly perform its constitutional and rule-mandated function of review, a defendant may not subsequently assign as error questions relating to the presentence report.

Affirmed.

T. M. BURNS, P. J., concurred.

M. F. CAVANAGH, J. *(concurring).* I concur in the result reached by the majority. The defendant in this cause was sentenced prior to the effective date

of GCR 1963, 785.12, and, accordingly, his appellate defense counsel was not entitled to be provided with a copy of the presentence report. See *People v Grable,* 56 Mich App 221; 223 NW2d 656 (1974), *People v Marshall,* 59 Mich App 140; 229 NW2d 346 (1975), and *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974). This determination alone is dispositive of this appeal.

For the aforestated reason, I would affirm the conviction.