PEOPLE v JOSHWAY

Docket No. 47874. Submitted June 12, 1980, at Detroit.—Decided
    August 13, 1980.

Robert S. Joshway was convicted, on his plea of guilty, of armed
    robbery, Kalamazoo Circuit Court, Donald T. Anderson, J.
    Defendant appeals, alleging that the trial court's denial of his
    motion to reconsider the sentence was an abuse of discretion.
    The defendant claimed that he was prejudiced because he was
    represented by different attorneys at the plea proceeding and at
    the sentencing. *Held:*

    1. Defendant's attorney at sentencing was properly allowed to
    review the presentence report.

    2. Consideration of portions of the defendant's past juvenile
    record by the sentencing judge was proper.

    Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — DIFFER-
    ENT ATTORNEY AT TRIAL AND SENTENCING — COURT RULES.

    A defendant's attorney at the sentencing proceeding is to be
    granted access to and an opportunity to comment on the
    presentence report where the defendant is represented by
    different attorneys at trial and at sentencing (GCR 1963,
    785.12).

2. CRIMINAL LAW — SENTENCING — JUVENILE RECORDS.

    It is permissible for a sentencing judge to consider portions of an
    adult defendant's past juvenile record.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 583.5.
    Defendant's right to disclosure of presentence reports. 40 ALR3d
    681.
[2] 21 Am Jur 2d, Criminal Law § 585.
    Consideration of accused's juvenile court record in sentencing for
    offense committed as adult. 64 ALR3d 1291.

Prosecuting Attorney, and *Stephen M. Wheeler,* Principal Appellate Attorney, for the people.

*Dandert, Tucker & Basch,* for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and was sentenced to a term of 10 to 15 years.

The sole contention on appeal is that the trial judge abused his discretion in denying defendant's motion to reconsider sentence. Defendant claims that he was prejudiced because the attorney who represented him at the plea proceeding was not the same one representing him at sentencing.

Our review of the record reveals that the court carefully discussed the fact of substitute counsel with defendant. Defendant clearly indicated that he had no objection. The presentence report, which contained information on defendant's juvenile record, was reviewed by defendant's attorney at sentencing. This comported with what we view as the proper procedure under GCR 1963, 785.12, that a defendant's attorney at sentencing rather than merely his trial attorney, receive access to and have an opportunity to comment on the presentence report. See *People v Grable,* 56 Mich App 221, 222-223; 223 NW2d 656 (1974).

In his discussion with counsel, the trial judge explained that he would not take into account defendant's past juvenile record except as to those events which resulted in his entry into the Boy's Training School and the fact that defendant was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the custody of the Department of Social Services as a result of prior delinquent acts. Such consideration is permissible. *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). The trial judge did not abuse his considerable discretion in denying the motion for reconsideration of sentence. See *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974).

Affirmed.